UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR-09-187-B-W |
| | ) | |
| ANTHONY BLACK | ) | |

**PRESENTENCE ORDER**

The Court concludes that the application of a two-level sentencing enhancement under United States Sentencing Guideline § 2D1.1(b)(4) to Anthony Black's base offense level of 32 under § 2D1.1(c)(4) does not constitute an impermissible double counting.

**I.     STATEMENT OF FACTS**

On September 29, 2009, Mr. Black drove his white Dodge Dakota pickup truck from Canada to the United States Port of Entry at Fort Fairfield, Maine.[1] Hidden behind Mr. Black's front bumper were three plastic bottles containing 82 Oxycontin pills and 2,108 Methamphetamine pills. After a dog alerted to the drugs, Mr. Black was referred to secondary inspection where a Customs and Border Patrol agent discovered the pills. On December 7, 2009, Mr. Black pleaded guilty to importation of controlled substances, specifically the importation of 500 grams or more of a substance containing methamphetamine. *Information* (Docket # 27).

The Probation Office (PO) calculated Mr. Black's sentencing guideline range by starting with a base offense level of 32, imposing a two-level increase for importation of methamphetamine, subtracting two-levels for a safety valve reduction, and further subtracting three levels for acceptance of responsibility. Under the PO calculations, the total offense level is

---

[1] This statement of facts is gleaned from the Presentence Investigation Report (PSR). Mr. Black does not object to the facts in the PSR; he objects only to the legal significance of those facts.

29. Mr. Black has no criminal history and the guideline range for incarceration is 87 to 108 months.

Mr. Black objects to the imposition of the two-level methamphetamine increase under U.S.S.G. § 2D1.1(b)(4) on the ground that it constitutes impermissible "double counting." *Def.'s Sentencing Mem. on Application of U.S.S.G. § 2D1.1(b)(4) Enhancement* (Docket # 42) (*Def.'s Mem.*). Mr. Black says that "impermissible double counting" occurs when "a fact required to support a statutory element of an offense is also used to trigger a base offense level enhancement." *Id.* at 1. The Government responds that the application of U.S.S.G. § 2D1.1(b)(4) does not represent impermissible double counting because the offense to which Mr. Black pleaded guilty criminalizes the importation of controlled substances, not methamphetamine specifically, and the enhancement reflects the dangerous nature of methamphetamine as opposed to other types of controlled substances. *Gov't's Mem. in Aid of Sentencing* (Docket # 43).

## II. DISCUSSION

### A. The Charged Violation of 21 U.S.C. § 952(a)

Mr. Black was charged and convicted of violating 21 U.S.C. § 952(a), which provides:

> It shall be unlawful to import into the customs territory of the United States from any place outside thereof . . . any controlled substance in schedule I or II of subchapter I of this chapter, or ephedrine, pseudoephedrine, or phenylpropanolamine, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter.

21 U.S.C. § 952(a).[2] The November 30, 2009 Information was more specific:

> On about September 29, 2009, in the District of Maine, defendant Anthony Black knowingly and intentionally imported into the United States from Canada, a place outside the United States, 500 grams or more of a substance or mixture containing methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 952(a).

---

[2] Section 952(a) contains a number of specific exceptions not relevant here. 21 U.S.C. § 952(a)(1), (2)(A)-(C).

2

*Information* (Docket # 27).

B.     **The Two-Level Guideline Enhancement Under § 2D1.1(b)(4)**

On October 3, 1996, Congress enacted the Comprehensive Methamphetamine Control Act of 1996. Comprehensive Methamphetamine Control Act of 1996, Pub. L. No. 104-237, 110 Stat. 3099 (1996). In its congressional findings, Congress observed that "[m]ethamphetamine is a very dangerous and harmful drug. It is highly addictive and is associated with permanent brain damage in long-term users." *Id.* § 2. Congress thus increased the statutory penalties for the importation of methamphetamine from not more than 10 years to not more than 20 years. *Id.* § 302(b). Moreover, pursuant to its authority under 28 U.S.C. § 944, Congress enacted the following directive to the Sentencing Commission:

> [T]he United States Sentencing Commission shall review and amend its guidelines and its policy statements to provide for increased penalties for unlawful . . . importing . . . of methamphetamine.

*Id.* § 301(a).

In 1997, the Sentencing Commission responded to the congressional directive and amended the guidelines. In general, the Commission increased the sentencing range for methamphetamine trafficking by lowering the quantity of methamphetamine to qualify for higher sentencing ranges, provided for a two-level enhancement for the illicit manufacture of methamphetamine in view of its deleterious environmental impact, and increased by two-levels the guideline calculations for importation of methamphetamine. U.S. Sentencing Guidelines Manual app. C, amend. 555 (1997). Specifically, the Commission explained the reason for the two-level enhancement under U.S.S.G. § 2D1.1(b)(4):

> [I]n response to evidence of a recent, substantial increase in the importation of methamphetamine and precursor chemicals used to manufacture methamphetamine, the amendment provides an enhancement of two levels

3

directed at such activity. An exception to this enhancement is provided for defendants who have a mitigating role in the offense under § 3B1.2 (Mitigating Role).

*Id.* In accordance with this explanation, the enhancement under § 2D1.1(b)(4) provides in part:

> (4) If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase by 2 levels.

U.S.S.G. § 2D1.1(b)(4).

### C. Double Counting

Double counting has been described as occurring "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Rohwedder*, 243 F.3d 423, 426-27 (8th Cir. 2001) (quoting *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997)). Mr. Black asserts a more specific type of double counting: when "the very behavior which provided the foundation for [a] base offense . . . was reexamined to justify a further upward adjustment." *United States v. Phillips,* 952 F.2d 591, 594 (1st Cir. 1991). Mr. Black contends that because the drug quantity table of U.S.S.G. § 2D1.1(c)(4) fixes the base offense level of 32 for importing methamphetamine, he should not face an extra penalty for doing precisely the same activity.

Mr. Black's analysis, though not without a certain logical appeal, is incorrect. As the First Circuit has observed, double counting is "less sinister than the name implies." *United States v. Wallace*, 573 F.3d 82, 92 (1st Cir. 2009); *United States v. McCarty*, 475 F.3d 39, 46 (1st Cir. 2007) (same); *United States v. Lilly*, 13 F.3d 15, 19 (1st Cir. 1994) (same); *United States v. Zapata*, 1 F.3d 46, 47 (1st Cir. 1993) (same). "This is because two (or more) guidelines will

4

often rely on the same underlying facts, although accounting for different sentencing concerns." *McCarty*, 475 F.3d at 46. In *McCarty*, for example, the First Circuit affirmed the imposition of a two-level destructive device enhancement for possession of a sawed-off shotgun under U.S.S.G. § 2K2.1(a)(3), even though the defendant's possession of a sawed-off shotgun was included in the base offense level under U.S.S.G. § 2K2.1(a)(4)(B). The First Circuit reasoned that "the sentencing guideline for the base offense, § 2K2.1(a)(4)(B), covers the wide range of weapons found in 26 U.S.C. § 5845(a)" and that "the § 2K2.1(b)(3) enhancement is intended to provide harsher punishment for destructive devises, a narrower set of more dangerous weapons." *Id.* at 47; *United States v. Wallace*, 461 F.3d 15, 36 (1st Cir. 2006) (applying § 2K2.1(a)(4)(B) to account for unlawful possession of a weapon and § 5K2.6 to account for the way in which the weapon was used). The First Circuit explained in *Lilly*:

> [W]hen. . .neither an explicit prohibition against double counting nor a compelling basis for implying such a prohibition exists, clearly indicated adjustments for seriousness of the offense and for offender conduct can both be imposed, notwithstanding that the adjustments derive in some measure from a common nucleus of operative facts.

*Lilly*, 13 F.3d at 20.

Section 952(a) criminalizes the importation of a list of Schedule II drugs. 21 U.S.C. § 952(a); 21 U.S.C. §§ 812(b)(2), (c). The statutory list of Schedule II drugs is expanded by 21C.R.F. § 1308.12(d)(2) to expressly include methamphetamine and by § 1308.12(b)(1)(xiii) to expressly include Oxycodone. The Guidelines require that the sentencing court calculate the base offense level by determining the types and quantities of drugs involved. U.S.S.G. § 2D1.1(c). Here, Mr. Black imported both methamphetamine and Oxycontin pills and is being held accountable for 22 kilograms of marijuana equivalent of Oxycodone, 2,363 kilograms of marijuana equivalent of methamphetamine in his possession, and 500 kilograms of marijuana

equivalent of methamphetamine in relevant conduct. *PSR ¶* 6. The PO calculated the total marijuana equivalency of both methamphetamine and Oxycodone to equal 2,885 kilograms of marijuana equivalent and determined that Mr. Black's base offense level was 32 under U.S.S.G. § 2D1.1(c)(4), covering between 1,000 kilograms and 3,000 kilograms of marijuana equivalents. *Id.* Thus, the § 2D1.1(c) calculation broadly addresses all types of drug crimes, assesses the type of drugs, and focuses on drug quantity.

By contrast, § 2D1.1(b)(4) is concerned with methamphetamine alone and with a particular type of possession of methamphetamine—namely, its possession to import or manufacture. U.S.S.G. § 2D1.1(b)(4). It also excludes certain types of defendants—those subject to mitigating role reductions. *Id.* Thus, consistent with congressional policy as reflected in the Comprehensive Methamphetamine Control Act of 1996, the Guidelines enhance the penalties for defendants who either manufacture or import methamphetamine and who are not low-level runners or dealers.

It is true that in Mr. Black's case, the application of § 2D1.1(c) and § 2D1.1(b)(4) "derive in some measure from a common nucleus of operative facts," since the illegal drug in both sections is methamphetamine. *Lilly*, 13 F.3d at 20. But Mr. Black could have merely possessed with the intent to distribute the same quantity of methamphetamine and not been subject to the § 2D1.1(b)(4) enhancement. Moreover, he could even have imported or manufactured the same quantity of methamphetamine and escaped the application of § 2D1.1(b)(4) if he had been a minimal or minor participant under U.S.S.G. § 3B1.2.

In short, § 2D1.1(c) focuses on drug type and quantity and § 2D1.1(b)(4) focuses on drug type, the reason for possession, and particular facets of the culpability of the individual defendant. *Lilly*, 13 F.3d at 19 (rejecting a claim that a role in the offense adjustment and an

amount of loss adjustment constitute double counting). The overlap between methamphetamine in both sections is not double counting because the two sections "account[] for different sentencing concerns." *McCarty*, 475 F.3d at 46; *Lilly*, 13 F.3d at 19 (stating that "[s]entencing factors do not come in hermetically sealed packages, neatly wrapped and segregated one from another. Rather, several factors may draw upon the same nucleus of operative facts while nonetheless responding to discrete concerns. Consequently, a degree of relatedness, without more, does not comprise double counting").

Finally, although the Sentencing Commission has occasionally expressly prohibited double counting, it has not done so here. *Lilly*, 13 F.3d at 19 (stating that "[w]e believe the [Sentencing] Commission's ready resort to explicitly stated prohibitions against double counting signals that courts should go quite slowly in implying further such prohibitions where none are written").

## III. CONCLUSION

The application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(4) for importing methamphetamine does not constitute an impermissible double counting.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2010